Arthur CALDWELL and Delvia
Caldwell, Appellants,

v.

Mae H. BROWN and Cora Weindel,
Appellees.

No. 75-1073.

Supreme Court of Kentucky.

July 1, 1977.

Thomas B. Givhan, Shepherdsville, for appellants.

Norman R. Lemme, Pike, Lemme & Conway, Shepherdsville, for appellees.

PER CURIAM.

On November 5, 1869, J. D. Cundiff conveyed to the Louisville & Nashville Railroad one acre adjoining its right-of-way on the condition that the lot was to be used for depot purposes. The deed provided: "Said parcel of ground to revert to said party of the first part should the party of the second part at any time abandon or fail to use it for the purposes herein set forth."

The railroad company ceased to use the lot for depot purposes, dismantled the buildings it had placed on the lot, and made no further use of the property. On January 6, 1969, it conveyed the lot to Arthur and Delvia Caldwell by quit-claim deed.

On July 14, 1969, Mae H. Brown and Cora Weindel as heirs of J. D. Cundiff filed this action to quiet their title to the lot, claiming that title had reverted to them upon the abandonment of the lot by the railroad and, consequently, the quit-claim deed to Caldwell was void. The judgment of the trial court held the reservation in the 1869 deed to be a possibility of reverter, and the title to the lot had automatically vested in Brown and Weindel upon its abandonment by the railroad. Finally, the court held that Caldwell acquired no interest by the quit-claim deed as the railroad had no title to convey. The trial court also held that KRS 381.221 did not apply.

Caldwell asserts upon appeal that KRS 381.221 did apply and that the failure of Brown and Weindel to timely file a notice of intent extinguished their rights under the possibility of reverter. KRS 381.221 is a part of the Kentucky Perpetuities Act of 1960 and provides that every possibility of reverter and every right of entry created prior to July 1, 1960, cease to be enforceable thirty years after its creation unless a declaration of intention to preserve it was recorded before July 1, 1965.

It is admitted that Brown and Weindel did not file the required declaration of intention to preserve. KRS 381.221 was enacted by the 1960 General Assembly and became effective June 16, 1960. On July 16, 1973, Cora Weindel testified as follows:

"Q. Do you know approximately when the L & N ceased using that as a depot?

A. Oh, it's been about twenty-five or thirty years ago."

This is the only evidence in the record concerning the time of abandonment by the railroad. A rather elementary mathematical calculation makes it clear that the railroad ceased using the lot as a depot as early as 1943 and, in no event, later than 1948. Caldwell correctly stated that under the common law the language in the 1869 deed created a possibility of reverter which carried with it an automatic termination on cessation of the use. This being true, the possibility of reverter did not exist on June 16, 1960, as the reversion had already occurred. KRS 381.220 could not have controlled this issue.

The judgment is affirmed.

All concur.